NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1370
_____

LISA TOMASI; LYDIA ZINZI; JEAN VELTEN,
Appellants

v.

TOWNSHIP OF LONG BEACH a municipal corporation of the State of New Jersey;
UNITED STATES ARMY CORPS OF ENGINEERS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-14-cv-07319)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 13, 2020

Before: HARDIMAN, PORTER, and PHIPPS, *Circuit Judges*.

(Filed: January 14, 2020)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Homeowners Lisa Tomasi, Lydia Zinzi, and Jean Velten appeal the District

Court's order entering judgment for the United States Army Corps of Engineers (Army

Corps) and the Township of Long Beach. We will dismiss as to the Army Corps and

affirm as to the Township.

I[1]

This appeal arises from a property dispute among Homeowners, Long Beach

Township, and the Army Corps over a beach nourishment project in the Loveladies

section of the Township.

Hurricane Sandy struck the New Jersey coast in 2012, inflicting significant

damage in areas where the Army Corps had not completed beach nourishment projects.

*See Tomasi v. Twp. of Long Beach*, 364 F. Supp. 3d 376, 385 (D.N.J. 2019). To protect

those areas from future harm, the Governor of New Jersey ordered the New Jersey

Department of Environmental Protection (NJDEP) "to acquire the necessary interests in

real property to undertake Flood Hazard Risk Reduction Measures." Executive Order No.

140 (Sept. 25, 2013), 45 N.J.R. 2289(a) (Oct. 21, 2013).

Consistent with the Governor's Executive Order, the NJDEP and the Township

partnered with the Army Corps to complete a project in Loveladies. But the Army Corps

was willing to do so with federal funds only if the Township showed the affected beaches

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 704. We have jurisdiction to review the District Court's order against the Township under 28 U.S.C. § 1291.

had public access points about every half-mile or less. Because the Loveladies section did not comply with this requirement, in August 2014 the Township proposed public access through Homeowners' private properties. Soon after, the Township adopted Ordinance 14-32, authorizing acquisition of a public easement across Homeowners' properties for public access from the road to the beach.

Homeowners filed their federal action against the Army Corps and Township in November 2014. Homeowners claimed the Army Corps's access requirement exceeded the scope of its authority. Alternatively, they argued the requirement already was satisfied in Loveladies, where there were four other public access points to the beach. While the federal action was pending, the Township filed condemnation proceedings against Homeowners in New Jersey state court. Homeowners moved to enjoin the condemnation proceedings pending resolution of the federal action, but the District Court denied that motion. The New Jersey state courts ultimately approved the Township's condemnation of Homeowners' properties. Back in federal court, the Army Corps and the Homeowners each requested summary judgment. By order dated January 31, 2019, the District Court denied Homeowners' motion, granted the Army Corps's motion, and entered judgment for Defendants. Homeowners appealed.

## II

Homeowners raise two issues on appeal. First, they claim the District Court erred in determining that the Army Corps's half-mile beach public access requirement is an enforceable interpretative rule. Second, they contend the Court erred in finding that the Army Corps's half-mile beach public access requirement is enforceable where the

3

requirement was already met in Loveladies. We have no jurisdiction to reach the merits of these claims, however, because Homeowners lack constitutional standing. So we will dismiss the appeal as to the Army Corps. And because Homeowners make no arguments challenging the relief they had sought against the Township, we will affirm the judgment entered in favor of it.

A.

To establish Article III standing, Homeowners "must demonstrate that they have suffered an injury-in-fact, that the injury is causally connected and traceable to an action of the [Army Corps], and that it is redressable." *The Pitt News v. Fisher*, 215 F.3d 354, 359 (3d Cir. 2000) (citing *Doe v. Nat'l Bd. of Med. Exam'rs,* 199 F.3d 146, 152–53 (3d Cir. 1999)). Homeowners have suffered an injury-in-fact because the Township condemned portions of their properties. *See id.* at 360. But they cannot show that this injury is fairly traceable to the Army Corps's public access requirement or that this Court can redress it.

Homeowners cannot show that their injuries are fairly traceable to the Army Corps's public access requirement because independent decisions by two other entities separated Homeowners from the Army Corps's requirement. *See Soc'y Hill Towers Owners' Ass'n v. Rendell*, 210 F.3d 168, 176 (3d Cir. 2000) (to establish standing, an "injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court") (citation omitted). First, the NJDEP decided that it wanted federal funds for the beach nourishment project. Second, the Township decided to condemn properties to comply with the Army

4

Corps's public access requirement so it could obtain federal funds. Then it determined which properties to condemn. The Army Corps made none of these decisions, so Homeowners' injuries are not fairly traceable to the Army Corps.

Homeowners also lack standing because no order of this Court against the Army Corps would redress their asserted injury. Homeowners seek declarations stating either that the Army Corps's funding requirements are invalid or that Loveladies already satisfied the public access requirement. Neither of these declarations, if granted, would undo the Township's condemnation of their properties. *See Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 143 (3d Cir. 2009) (plaintiff must establish a "substantial likelihood that the requested relief will remedy the alleged injury in fact") (internal citation and quotation marks omitted). And although Homeowners argue that the Township would not have condemned their properties without the Army Corps's funding guidelines, the Township successfully pursued condemnation proceedings in state court through final appeal and have completed construction of the public walkway. Thus, Homeowners have not shown that there is a substantial likelihood that a favorable decision on the Army Corps's rule would redress their injuries.

B.

Although Homeowners appeal the District Court's order granting judgment for both Defendants and challenge the Army Corps's rule, they do not assert any basis for this Court to reverse the judgment entered in favor of the Township on their Second Amended Complaint. Nor do they challenge on appeal the Township's decision to provide public beach access every half-mile or its decision to condemn their properties.

5

Indeed, Homeowners make no mention on appeal of any of the relief sought against the Township in the Second Amended Complaint. For example, they do not mention Count Three's request that Township's Ordinance 14-32 be declared invalid or Count Four's prayer that the Township be enjoined from entering their properties, commencing eminent domain proceedings that have already been completed, or pursuing other actions as authorized by Ordinance 14-32. And although they argue on appeal that the Army Corps's requirement was already met in Loveladies—a claim raised against the Township in Count Two in the Second Amended Complaint—this claim is now aimed at the Army Corps. *See* Reply to Township Br. 13 ("Appellants are not challenging the Township's authority to condemn in the Third Circuit . . . Appellants' federal claims instead arise out of a challenge of a federal requirement being enforced by a federal agency.") Accordingly, we will affirm the judgment as to the Township.

\* \* \*

For the foregoing reasons, we will dismiss the appeal as to the Army Corps and affirm the District Court's order entering judgment for the Township of Long Beach.